IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN BYRD,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **DANIEL W. JOHNSTON** and | : | **No. 07-2963** |
| **DAN JOHNSTON, INC.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER AND MEMORANDUM

### ORDER

**AND NOW**, this 14th day of December, 2007, upon consideration of defendants' Motion to Dismiss or Transfer for Improper Venue (Document No. 2, filed September 20, 2007); Brief in Support of Defendants' Motion to Dismiss or Transfer for Improper Venue (Document No. 3, filed September 20, 2007); Opposition of Karen Byrd to Defendants' Motion to Dismiss or Transfer for Improper Venue (Document No. 5, filed October 19, 2007); and Reply Brief in Further Support of Defendants' Motion to Dismiss or Transfer for Improper Venue (Document No. 6, filed October 23, 2007), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendants' Motion to Dismiss or Transfer for Improper Venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) is **DENIED** as to Counts I through VI of the Complaint and **GRANTED** as to Count VII of the Complaint which is **DISMISSED WITHOUT PREJUDICE** to the plaintiff's right to institute suit in a court with jurisdiction over the case and where venue is properly laid.  Defendants' Motion to Transfer under 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Pennsylvania is **DENIED.**

1

**MEMORANDUM**

Defendants Daniel W. Johnston and Dan Johnston Inc. filed a motion to dismiss or transfer venue to the United States District Court for the Western District of Pennsylvania ("Western District") under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), arguing that venue in this district is improper under 28 U.S.C. § 1391(a)(2).  In the alternative, defendants request a transfer of the action to that district pursuant to 28 U.S.C. § 1404(a).  For the reasons stated in this Memorandum, Defendants' Motion to Dismiss or Transfer Venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) is granted in part and denied in part - that part of the motion which seeks dismissal of Count VII is granted and that Count is dismissed without prejudice; the motion is denied as to Counts I through VI.  The alternative Motion to Transfer under § 1404(a) is denied.

**I.      BACKGROUND**

The facts set forth below are taken from plaintiff's complaint, unless otherwise indicated.

In October 2005, plaintiff Karen Byrd and defendant Dan Johnston signed a Letter of Intent and Confidentiality Agreement ("agreement" or "contract") setting forth the terms of Byrd's acquisition of all the common stock of Dan Johnston, Inc., the owner and operator of a General Motors Chevrolet franchise dealership located in Jeannette, Pennsylvania.  At the time, defendant Dan Johnston was the sole owner, officer, and director of Dan Johnston, Inc.  It is undisputed that the agreement was signed in Philadelphia.  (Compl. ¶ 5; Byrd Aff. ¶ 6; Johnston Aff. ¶ 7.)

Pursuant to the agreement, in November 2005, Byrd tendered to defendants $75,000 as

"part of the consideration for the acquisition of Dan Johnston, Inc." (Compl. ¶ 7.)  At the same time, Byrd became general manager of the company, although all ownership of the company remained in defendants until the agreed-upon closing date, which was set for February 6, 2006.

     Plaintiff alleges that during her time as general manager, defendants "[ran] the working capital of the dealership to below General Motor's [sic] baseline." (Byrd Aff. ¶ 9.)  Furthermore, she claims defendants thwarted her attempts to perform due diligence as to the financial condition of the dealership and made material misrepresentations. (Compl. ¶ 10.)  As a result, "the parties could not close on the agreement." (Id.)  On February 10, 2006, plaintiff, through her attorney, demanded the return of her $75,000 initial payment, "in accordance with paragraph 16 of the Agreement, because of Defendants' unlawful conduct." (Compl. ¶¶ 12-13.)  Notwithstanding this demand, Byrd continued in her role as general manager of the dealership while defendants "attempted to secure outside financing to meet General Motor's [sic] minimum working capital requirement," presumably in an effort to revive the parties' agreement. (Compl. ¶ 14.)

     Plaintiff further alleges that during and after a business meeting in April 2006, which took place "at a local restaurant," defendant Dan Johnston "physically and sexually 'groped' and solicited" her, despite her objections. (Compl. ¶ 15.)  Three months later, defendants entered into an agreement of sale with a third party and terminated Byrd as general manager. (Compl. ¶ 17-18.)  To date, despite repeated demands by plaintiff, defendants have not returned Byrd's initial payment. (Compl. ¶ 20.)

     Byrd filed a seven-count complaint on July 19, 2007, alleging (1) fraud and misrepresentation; (2) conversion; (3) breach of contract and breach of the covenants of good

faith and fair dealing; (4) equitable estoppel; (5) unjust enrichment; (6) civil conspiracy; and (7) assault and battery.

On September 20, 2007, defendants filed the instant motion, arguing that the only event to have occurred in the Eastern District is the "brief meeting and chance signing of the Letter of Intent." (Def.'s Br. In Supp. of Mot. Dismiss 3.)  Neither plaintiff nor defendant is a resident of this district.  Plaintiff currently resides in New Jersey; defendant lives in western Pennsylvania. At all times relevant to the complaint, defendant Dan Johnston Inc. maintained its principal place of business in the Western District.  (Compl. ¶ 3; Defs.' Mot. to Dismiss or Transfer Venue ¶ 3.)

## II.     STANDARD OF REVIEW

In considering a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the Court must generally accept as true the allegations in the complaint, unless contradicted by defendant's affidavits.  Holiday v. Bally's Park Place, Inc., 2007 WL 2600877, at *1 (E.D. Pa. Sep. 10, 2007) (citing Fellner v. Philadelphia Toboggan Coasters, Inc., 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005)); see also Wright & Miller, Federal Practice and Procedure § 1352. "The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor."  Fellner, 2005 WL 2660351, at *1; accord Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) ("Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff."); Nagel v. ADM Investor Services, Inc., 995 F.Supp. 837, 843 (N.D. Ill. 1998 ) (court must resolve factual conflicts in parties' submissions in favor of plaintiff); Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc., 434 F. Supp. 2d 1051, 1058 (D. Kan.

2006) (conflicting affidavits resolved in favor of the plaintiff).

The Third Circuit has held that "the movant (the defendant) bears the burden of demonstrating that venue is improper." Simon v. Ward, 80 F. Supp. 2d 464, 467 (E.D. Pa. 2000) (citing Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982)). The defendant also bears the burden of establishing that a venue transfer is warranted. Id. at 470. Furthermore, "in ruling on defendant's [transfer] motion the plaintiff's choice of venue should not be lightly disturbed." Id. (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995)) (internal citations omitted).

### III.   DISCUSSION

#### A.   28 U.S.C. § 1406(a)

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In federal diversity cases, such as this one, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). "[E]vents or omissions having only a tangential connection with the dispute are not enough." Superior Precast, Inc. v. Safeco Ins. Co. of America, 71 F. Supp. 2d 438, 444 (E.D. Pa. 1999) (citing Cottman Transmission Systems Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)).

In this case, the parties dispute whether a "substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District. 28 U.S.C. § 1391(a)(2). Defendants

contend that the only event to occur in the Eastern District was the execution of "several copies of [a] Letter of Intent that had already been negotiated and prepared" and that proper venue "cannot stand on the brief meeting and chance signing of the Letter of Intent in the Eastern District." (Def.'s Br. In Supp. of Mot. Dismiss 3.) In opposition, plaintiff argues that venue in this district is proper "because the contract that is at issue in this case was formed in this district and had its effect in this district," and because her damages "were suffered in this district." (Compl ¶ 5.) Specifically, plaintiff claims that her attorney negotiated with defendants or defendants' counsel "via telephone while located in Philadelphia" and that defendant Dan Johnson reviewed the terms of the agreement, conducted face-to-face negotiations with plaintiff, and executed the agreement in this district. (Pl.'s Opp'n to Mot. Dismiss 6.) These events, she argues, constitute "substantial" events giving rise to her breach of contract claims. (Id.)

In assessing the substantiality of events or omissions, the Court must examine the nature of the dispute. Cottman, 36 F.3d at 295. At its core, the dispute in this case revolves around an alleged breach of contract. Some courts in this district have held that the signing of an agreement and telephonic negotiations constitute significant events giving rise to a plaintiff's breach of contract claim for purposes of assessing venue. See Nowicki v. United Timber Co., 1999 WL 619648, at *1 n.1 (E.D. Pa. Aug. 12, 1999) (citing BABN Techs. Corp. V. Bruno, 25 F. Supp. 2d 593, 598 (E.D. Pa. 1998); Bowdoin v. Oriel, 1999 WL 391486, at *5 (E.D. Pa. May 5, 1999)); see also Strategic Learning Inc. v. Wentz, 2005 WL 241182, at *3 (E.D.Pa. Feb. 1, 2005) (finding venue proper, in part, "because the negotiations that formed the agreement" occurred in the Eastern District). Others have held that courts should look to the place of performance of the contract in determining whether venue is proper. See Harrison v. L.P. Rock Corp., 2000 WL

19257, at *3 (E.D. Pa. Jan. 7, 2000).

It is clear that under the latter approach, venue would be proper in the Western District, where the contract was to be performed.[1]  However, venue can be proper in more than one federal judicial district.  Cottman, 36 F.3d at 294.  That is the situation in this case.  The Court concludes that venue is proper in this district because the agreement was signed, and thereby executed, in this District, and because plaintiff alleges that further negotiations between the parties took place in Philadelphia.[2]  See Nowicki, 1999 WL 619648, at *1 n.1; Strategic Learning Inc., 2005 WL 241182, at *3.  The Court notes that the latter point is disputed by defendants.  However, for purposes of a motion to dismiss or transfer based on improper venue, the Court must resolve this factual dispute in favor of the plaintiff.  Fellner, 2005 WL 2660351, at *1.  Thus, the above activities constitute substantial events giving rise to the plaintiff's breach of contract and related claims.  Id.

Defendants correctly state the general rule that venue must be proper as to each claim.  See Fellner, 2005 WL 2660351, at *2 (citing Phila. Musical Soc'y, Local 77 v. Am. Fed'n of Musicians of the U.S. and Can., 812 F. Supp. 509, 517 (E.D. Pa. 1992)).  However, where a plaintiff's claims share a common nucleus of operative facts, courts may exercise pendent venue over the several claims.  See Lomanno v. Black, 285 F.Supp.2d 637, 641 n.7 (E.D. Pa. 2003);

---

[1] Moreover, because both defendants are residents of the Western District, venue would be proper in that district under § 1391(a)(1), a fact that is not disputed.

[2] The Court does not address defendants' argument that telephonic negotiations between plaintiff's attorney, while the attorney was located in the Eastern District, and defendants' counsel, who was located outside of the Eastern District, cannot form a basis for venue.  Reply Br. in Further Supp. of Defs.' Mot. to Dismiss or Transfer for Improper Venue 3-4.  It is sufficient that other activities, including face-to-face negotiations between defendant Johnston and plaintiff, occurred in this district.  See Pl.'s Opp'n to Mot. Dismiss 6.

Holland v. Consol. Rail Corp., 1998 WL 414722, at *2 (E.D. Pa. July 22, 1998).  Pendent venue is especially appropriate where the causes of action have identical parties and proofs.  Lomanno, 285 F. Supp. 2d at 641 n.7 (citing Christian Dalloz, S.A. v. Holden, 1990 WL 121342, at *2  n. 2 (E.D.Pa. Aug. 20, 1990)).

Except for the alleged assault and battery, plaintiff's first six claims, asserted in Counts I through VI, are all grounded in the alleged breach of contract.  (See generally Pl.'s Compl.; see also Opp. of Karen Byrd to Mot. 6) ("The majority of the allegations in Byrd's complaint arise from the contractual relationship between Byrd and Defendants . . . ."); (Defs.' Br. In Supp. of Mot. Dismiss 10) ("Plaintiff's alleged claims are based largely, if not entirely, upon defendant's alleged refusal to sell her a Chevrolet Franchise . . . ").  Because Counts I through VI share a common nucleus of operative facts and because venue for the breach of contract claim is properly laid in this district, the Court concludes that venue for those six counts is proper in this district.  For this reason, the Motion to Dismiss or Transfer Venue under § 1406(a) is denied with respect to Counts I through VI.

Plaintiff's claim of assault and battery (Count VII) is wholly unrelated to her breach of contract claims.  As stated above, plaintiff alleges that the incident occurred at a "local restaurant" and continued on the drive to defendant Dan Johnston's home.  (Compl. ¶ 15.)  Thus, this event occurred entirely within the Western District of Pennsylvania and the Court finds no basis for laying venue for this claim in the Eastern District.  Furthermore, the doctrine of pendent venue does not extend to plaintiff's assault and battery claim because it does not share the "same nucleus of operative facts" as her breach of contract and related claims.  See Phila. Metal Trades Council v. Allen, 2007 WL 1875791, at *4 (E.D. Pa. June 26, 2007).  Therefore, the Court grants

defendants' motion to dismiss with regard to Count VII.

B.     28 U.S.C. § 1404(a)

In the alternative, defendants request a transfer to the Western District under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Though courts possess discretion to decide a motion to transfer based on an individualized, case-by-case basis, such motions are not to be liberally granted. See Trueposition, Inc. v. Sunon, Inc., 2006 WL 1686635, at *10 (E.D. Pa. June 14, 2006).

The burden of establishing the need for transfer under § 1404(a) rests with the movant. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). "In ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed." Id. (internal citations omitted). "While a non-resident plaintiff's choice sometimes receives slightly less favor, her chosen venue is still entitled to deference." Gent v. Pennsylvania State University, 2006 WL 1686652, at *1 (E.D. Pa. June 14, 2006) (citing Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 609 (3d Cir.1991)). Moreover, all reasonable inferences must be drawn in favor of the party opposing the transfer. Fellner, 2005 WL 2660351, at *1.

In weighing a motion to transfer, courts should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice would be better served by transfer to a different forum." Jumara, 55 F.3d at 879. While there is no "definitive formula or list of factors," the Third Circuit has set out a number of public and

private interests to be considered. Id. "Private interests" include plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records. Id. at 879. "Public interests" include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

As an initial matter, the Court finds several of the Jumara factors to be neutral, and the defendants concede as much. ( Defs.' Br. In Supp. of Mot. Dismiss 12.) Defendants argue, however, that some factors weigh heavily in favor of transfer, including the place where the claim arose, the convenience of the parties and witnesses, location of books and records, and practical considerations making trial easy, expeditious, or inexpensive. The Court addresses these factors in turn.

**1. The place where the claim arose**

Defendants argue that "key events giving rise to the plaintiff's alleged claims took place in the Western District." (Defs.' Br. in Supp. of Mot. Dismiss 10.) The Court agrees.[3] However, the mere fact that an alleged breach of contract occurred in another district does not by itself justify transfer to that district. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 757 n.3 (3d Cir.

---

[3]The Court emphasizes, however, that although "key events" occurred in the Western District, other "substantial events" occurred in the Eastern District. See Fellner, 2005 WL 2660351, at *3; Cottman, 36 F.3d at 294.

1973). Where the claim arose is but one of many factors to be considered in deciding whether transfer is justified. See Jumara, 55 F.3d at 879. The Court considers the remaining Jumara factors in turn.

### 2. Location of Witnesses

Defendants aver generally that "many, if not all, potential third-party witnesses reside in the Western District," including current and former employees and owners of the dealership. (Defs.' Br. In Supp. of Mot. Dismiss 11; see also Def.'s Aff. ¶ 5.) Although convenience of the witnesses is a consideration in the transfer analysis, it matters "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879.

This factor does not weigh in favor of defendants. First, defendants have not specifically identified any witnesses. See Superior Precast, Inc. v. Safeco Ins. Co. of America, 71 F. Supp. 2d at 447; General Refractories Co. v. Washington Mills Electro Minerals Corp., 1995 WL 361164, at *4 (E.D. Pa. June 16, 1995). Second, defendants have not said anything about the hardship the witnesses would suffer from having to testify in this district. Superior Precast, 71 F. 2d at 447. Finally, defendants have not alleged that their witnesses would be unavailable or unwilling to testify in the Eastern District. To the contrary, defendants merely argue that it is inconvenient for their witnesses to travel to the Eastern District. (See Defs.' Br. In Supp. of Mot. Dismiss 11.) That is insufficient.

### 3. Location of Books and Records

The location of books and records should be considered when weighing a transfer, but only to the extent that the files could not be produced in the alternative forum. Jumara, 55 F.3d at 879. Defendants do not state that the relevant documents could not be produced in the Eastern

District. Moreover, as some courts have noted, "in light of modern document imaging technology," the location of books and records may be of limited significance in a 1404(a) analysis. Hodgson v. Kottke Assocs, LLC, 2007 WL 2234525, at *4 (E.D. Pa. Aug. 1, 2007); see also Gonzalez v. Elec. Control Sys., Inc., 1993 WL 372217, at *4 (E.D. Pa. Sep.17, 1993) (location of documents factor deserves little weight in transfer analysis due to the "creation of photocopying and the ease with which copies can be obtained"). Although the Court does not doubt that relevant documents and records are located in the Western District, the Court finds no reason why these records cannot be produced in this district without difficulty or significant burden on defendants. Therefore, this factor does not weigh in favor of transfer.

**4. The Parties' Preference and Ease of Trial**

Finally, defendants express a strong preference for trying the case in the Western District and aver that trial there would be easy, expeditious, or inexpensive. (Defs.' Br. In Supp. of Mot. 10, 12.) While this may be so for defendants, the plaintiff has alleged that trial in the Western District would impose significant financial hardships on her and claims that trial in the Western District "would be extremely inconvenient and burdensome." Byrd Aff. ¶ 13-15. "[U]nless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." Superior Precast, Inc., 71 F. Supp. 2d at 446 (quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.1970)) (emphasis in original). Therefore, the Court declines to disturb plaintiff's choice of forum on the basis of convenience to defendants. Furthermore, on the basis of the record as it stands, the Court finds no reason to believe that, on balance, trial in the Western District would be easier, less expensive, or more expeditious than trial in the Eastern

District.

For all the reasons provided above, and mindful that motions for transfer are not to be liberally granted, <u>Trueposition</u>, 2006 WL 1686635, at *10, the defendants' motion to transfer pursuant to § 1404(a) is denied.

### IV. CONCLUSION

The Court, having considered the defendants' Motion to Dismiss or Transfer Venue under § 1406(a), denies the motion as to Counts I through VI of the Complaint and grants the motion to dismiss without prejudice as to Count VII. The alternative motion to transfer under § 1404(a) is denied.

                                            **BY THE COURT:**

                                            **<u>/s/ Honorable Jan E. DuBois</u>**
                                               **JAN E. DUBOIS, J.**