UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN BYRD, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> DANIEL W. JOHNSTON and DAN JOHNSTON, : <br> INC., : <br> : <br> Defendants. : | CIVIL ACTION <br><br> No. 07-2963 |

**MOTION OF COZEN O'CONNOR, THOMAS B. FIDDLER, AND
JOHN P. JOHNSON FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
<u>DANIEL W. JOHNSTON AND DAN JOHNSTON, INC.</u>**

Cozen O'Connor ("Moving Counsel") moves this Court for leave to withdraw as counsel for defendants Daniel W. Johnston and Dan Johnston, Inc. and in support thereof aver as follows:

1. On July 18, 2007, plaintiff commenced this action against defendants Daniel W. Johnston in his individual capacity and Dan Johnston, Inc. a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

2. Johnston, who was represented by the Benz Law Firm in Pittsburgh, filed a Motion to Transfer Venue to the United States District Court for the Western District of Pennsylvania. Plaintiff opposed defendants' motion.

3. On December 14, 2007, this Court denied defendants' Motion to Transfer Venue.

4. On January 2, 2008, Daniel W. Johnston, individually and on behalf of Dan Johnston, Inc. requested the law firm of Cozen O'Connor to represent him in this matter. Cozen O'Connor agreed to represent defendants, subject to certain terms and conditions set forth

in a written engagement letter.  Among other things, defendants agreed to pay all legal fees and expenses due to Cozen O'Connor associated with the representation.

      5.      On January 3, 2008, The Benz Law Firm withdrew its appearance on behalf of defendants, and Cozen O'Connor, Thomas B. Fiddler, and John P. Johnson, Jr. entered their appearances.

      6.      Johnston, individually and as an authorized representative of Dan Johnston, Inc., recently informed Moving Counsel that their services were discharged.  A true and correct copy of Johnston's letter is attached hereto as Exhibit A.

      7.      Rule 1.16(a)(3) of the Rules of Professional Conduct provides that a lawyer shall withdraw from the representation of a client if the lawyer is discharged.

      8.      Additionally, defendants have not paid the outstanding counsel fees of Moving Counsel as is required by the engagement letter.  Moving Counsel has requested payment from defendants, and despite those requests, defendants have failed to pay the outstanding invoices.

      9.      Rule 1.16 of the Rules of Professional Conduct allows a lawyer to terminate representation of a client when the client fails to substantially fulfill obligations to the lawyer regarding the lawyer's services and the client has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

      10.      Moreover, subsequent to entering their appearances, the undersigned attorneys at Cozen O'Connor have had difficulty in communicating with defendants about material issues pertaining to this litigation.  Defendants habitually do not return telephone calls in a timely manner to counsel.

11.     Because of defendants dilatory conduct in responding to counsel's communications, counsel's ability to fulfill its fundamental obligation of communication under Rule 1.4 of the Rules of Professional Conduct.

WHEREFORE, for the foregoing reasons, Cozen O'Connor respectfully requests this Court to grant its motion for leave to withdraw as counsel for all defendants.

Respectfully submitted,

COZEN O'CONNOR

/s/ *Thomas B. Fiddler*
Thomas B. Fiddler
John P. Johnson, Jr.
1900 Market Street
Philadelphia, PA  19103
(215) 665- 2000
(215) 665-2013 (fax)

Attorneys for Defendants
Daniel W. Johnston and
Dan Johnston, Inc.

Dated:  March 11, 2008